**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO. 1:12-CV-1488** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **AVERY SOLLENBERGER**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

The instant matter arises from a tax collection effort by the United States ("United States" or "government") against defendants Avery and Dena, Gary, and Wendell Sollenberger (collectively "the Sollenbergers"), Design Concepts Company, Associated Dynamics, LLC ("Associated Dynamics"), Teltec Enterprises ("Teltec"), Ledger Management ("Ledger"), Bitterroot Rental Company ("Bitterroot"), and Sunny Isles Fiduciary Fund ("Sunny Isles"). The United States seeks judgment against the Sollenbergers and Design Concepts Company for unpaid tax liabilities. The United States also seeks foreclosure of federal tax liens on eight real properties titled to various defendants. Presently before the court is the United States' motion (Doc. 59) for summary judgment against all defendants. The court will grant the United States' motion.

## I.    <u>Factual Background & Procedural History</u>[1]

The Sollenbergers are former clients of Commonwealth Trust Company

("Commonwealth Trust").  (Doc. 59-17 ¶ 6).  As part of what it called an "asset

protection" strategy, Commonwealth Trust encouraged clients to transfer business

income and assets to trusts it marketed.  (Doc. 59-60, Rebuck Dep. 88:13-90:15,

143:8-22, June 5, 2014 ("Rebuck Dep."); Doc. 59-62, Wendell Sollenberger Dep. 28:9-

29:11, June 12, 2014 ("Wendell Dep.")).  Design Concepts Company is a trust created

by Commonwealth Trust through which the Sollenbergers previously operated

their house-framing business.  (Doc. 59-18 at 1; Doc. 59-58, Avery Sollenberger Dep.

34:24-35:2, 72:9-16 June 4, 2014 ("Avery Dep.")).  Associated Dynamics is the present

manifestation of the Sollenbergers' framing business.  (Avery Dep. 73:9-19).  Teltec,

---

[1] The court's discussion of the factual background is primarily derived from the United States' statement of material facts.  (Doc. 74).  Local Rule 56.1 provides that "[a] motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  L.R. 56.1.  A party opposing a motion for summary judgment shall file a separate statement of material facts, responding to the numbered paragraphs in the moving party's statement of material facts and noting genuine issues to be tried.  <u>Id.</u>  "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  <u>Id.</u>  In the case *sub judice*, the Sollenbergers, Design Concepts Company, and Associated Dynamics opposed the motion for summary judgment but failed to respond to the United States' statement of material facts in the manner prescribed by the local rules.  Consequently, all material facts set forth in the United States' statement will be deemed admitted to the extent that they are properly supported by citations to the record.  <u>See</u> <u>Thomas v. United States</u>, 558 F. Supp. 2d 553, 558-59 (M.D. Pa. 2008).  In resolving the United States' motion for summary judgment, the court has independently reviewed the entire record.

Ledger, Bitterroot, and Sunny Isles are other trusts that the Sollenbergers purchased from Commonwealth Trust.  (Avery Dep. 34:21-35:2; Doc. 59-17 ¶¶ 6, 11).

From 1985 to 1994, Avery, Gary, and Wendell Sollenberger ran their house-framing business as Sollenberger Homes.  (Doc. 59-59, Design Concepts Company Dep. 48:9-15, June 13, 2014 ("Design Concepts Co. Dep.")).  In June of 1994, the Sollenbergers began operating the business through Design Concepts, a trust they purchased from Commonwealth Trust.  (Doc. 59-18 at 1; Design Concepts Co. Dep. 48:16-19).  Design Concepts Company, a new and distinct trust purchased from Commonwealth Trust, replaced Design Concepts from January of 1998 to December of 1999.  (Doc. 59-18 at 1; Design Concepts Co. Dep. 48:20-23).  The framing business thereafter operated as Contract Building Company, a limited liability company, before transitioning to Associated Dynamics in approximately 2002.  (Doc. 59-17 ¶ 11; Design Concepts Co. Dep. 48:24-49:1-7).

During this same time period, the Sollenbergers conveyed several real properties to other Commonwealth Trust entities.  In March of 1997, Gary Sollenberger conveyed his property, 15 Villa Vista Avenue, Hanover, Pennsylvania, to Ledger for no consideration.  (Doc. 59-26; Doc. 59-61, Gary Sollenberger Dep. 65:14-65:24, June 10, 2014 ("Gary Dep.")).  In November of 1999, Avery and Dena conveyed their property, 309 Primrose Lane, Hanover, Pennsylvania, to Teltec for nominal consideration.  (Doc. 59-21; Avery Dep. 122:7-25).  In addition, in November of 2001, Gary, Wendell, and Avery Sollenberger decided to purchase 1469-71 Broadway, Hanover, Pennsylvania, and Avery placed the property in Bitterroot's name.  (Wendell Dep. 76:25-77:13; Doc. 59-38).  The 1469-71 realty is a

four-apartment rental building.  (Wendell Dep. 77:14-19).  Gary and Wendell

Sollenberger also purchased a cabin located at 786 Richland Drive, Dean Township,

Pennsylvania, and Avery placed this property in Bitterroot's name in March of 2002.

(Id. 74:2-75:4, 76:3-19; Doc. 59-36).

Four additional real properties are titled in the names of either Wendell

Sollenberger or a denomination of the family framing business.  In March of 1988,

Wendell acquired 35 Villa Vista Avenue, Hanover, Pennsylvania.  (Doc. 59-44).

Wendell stated that he did not transfer 35 Villa Vista to a trust because it was

initially burdened by a mortgage.  (Wendell Dep. 145:11-21).  In 2000, Design

Concepts Company acquired 85 and 95 North Allwood Drive, Conewago Township,

Pennsylvania.  (Docs. 59-54, 59-52).  In December of 2004, Associated Dynamics

acquired Ram Drive, Lot 16 Parcel #K14-0154G-000, Conewago Township,

Pennsylvania.  (Doc. 59-51).  The North Allwood Drive and Ram Drive properties

are primarily vacant lots.  (Avery Dep. 79:18-20; Gary Dep. 133:24-134:5).  With the

exception of Ram Drive, each of the seven remaining properties is putatively

encumbered by a mortgage in favor of Sunny Isles.  (See Docs. 59-23, 59-27, 59-37,

59-39, 59-45, 59-53, 59-55).

In 2002, the IRS determined that the Sollenbergers had failed to report

income from the framing business for tax years 1997 to 1999.  (Docs. 59-13 to 59-15).

The IRS also determined that Design Concepts Company had failed to report its

income for tax years 1998 and 1999.  (Doc. 59-16).  In April of 2002, the IRS sent each

taxpayer defendant a statutory notice of deficiency.  The IRS then assessed

defendants' tax liabilities for the relevant years.  (Docs. 59-2 to 59-12).  The IRS used

"whipsaw assessments," which are a type of assessment "used when the subjects of the examination refuse to cooperate with the Internal Revenue Service and it is unable to accurately determine the correct and agreed tax owed by each entity." (Doc. 74 at 1 n.1). Defendants' assessed tax liabilities are as follows:

Avery and Dena Sollenberger

| Tax Period | Assessment Date | Tax Assessment |
|---|---|---|
| 1997 | September 23, 2002 | $152,737 |
| 1998 | September 9, 2002 | $187,054 |
| 1999 | September 23, 2002 | $166,523 |

Gary Sollenberger

| Tax Period | Assessment Date | Tax Assessment |
|---|---|---|
| 1997 | October 21, 2002 | $152,190 |
| 1998 | October 21, 2002 | $187,085 |
| 1999 | October 21, 2002 | $168,413 |

Wendell Sollenberger

| Tax Period | Assessment Date | Tax Assessment |
|---|---|---|
| 1997 | September 23, 2002 | $152,190 |
| 1998 | September 23, 2002 | $187,085 |
| 1999 | September 23, 2002 | $168,413 |

Design Concepts Company

| Tax Period | Assessment Date | Tax Assessment |
|---|---|---|
| 1998 | September 9, 2002 | $190,980 |
| 1999 | September 23, 2002 | $172,057 |

(Docs. 59-2 to 59-12).  Ultimately, the IRS determined that defendants owe the following balances:[2]

- Avery and Dena Sollenberger: $1,247,169.50;

- Gary Sollenberger: $1,724,296.76;

- Wendell Sollenberger: $1,749,010.95;

- Design Concepts Company: $1,220,456.15.

(Doc. 74-1 ¶¶ 2-12).

In 2003 and 2004, the United States recorded notices of federal tax liens pertaining to Avery and Dena Sollenberger, Gary Sollenberger, Wendell Sollenberger, and Design Concepts Company.  (Docs. 59-24, 59-29, 59-40, 59-41, 59-47, 59-48).  The government also recorded liens against Gary Sollenberger "a/k/a Ledger Management Company," Teltec and Bitterroot as the nominees or alter egos of at least one Sollenberger, and Associated Dynamics as the successor or alter ego of Design Concepts Company.  (Docs. 59-25, 59-30, 59-31, 59-32, 59-33, 59-42, 59-43, 59-49, 59-50).

Between July and November of 2012, the United States commenced four separate lawsuits in this court pursuant to 26 U.S.C. § 7403, see (Doc. 1); United States v. Design Concepts Co., No. 1:12-CV-1398 (M.D. Pa.), Doc. 1; United States v. Sollenberger, No. 1:12-CV-2079 (M.D. Pa.), Doc. 1;

---

[2] The balances owed by taxpayer defendants are based upon the IRS's July 1, 2015 calculation, and, as of the date of this opinion, the balances include any subsequently accumulated penalties, interest, and statutory additions.  See (Doc. 74-1); 26 U.S.C. § 6321.

United States v. Sollenberger, No. 1:12-CV-2198 (M.D. Pa.), Doc. 1, and the court consolidated the actions.  (Doc. 16).  The Clerk of Court subsequently entered defaults against Michael Crim, as trustee for Sunny Isles, (Doc. 15), and Victor Peery, as trustee for Teltec and Ledger.  (Doc. 85).

The United States claims that it is entitled to (1) summary judgment against the Sollenbergers and Design Concepts Company with respect to their unpaid federal tax liabilities; (2) determinations that Teltec is a nominee of Avery and Dena Sollenberger; that Ledger is a nominee of Gary Sollenberger; that Bitterroot is a nominee of Gary and Wendell Sollenberger; and that Associated Dynamics is a nominee of or successor to Design Concepts Company; and (3) foreclosure of its federal tax liens "free and clear of any right, title, lien, claim, or interest of any of the defendants" so that the properties may be sold and the proceeds applied to the taxpayer defendants' outstanding liabilities.  (Doc. 59 at 1-2).  On September 16, 2015, counsel for defendants the Sollenbergers, Design Concepts, and Associated Dynamics filed a brief in opposition (Doc. 81) to the United States' motion for summary judgment, styled as a handwritten letter by Avery Sollenberger.  (Doc. 81-1).  The motion (Doc. 59) is fully briefed and ripe for disposition.

II.   **Legal Standard**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(a).  The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.

Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(a), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

## III.  Discussion

The United States contends that there are no material facts in dispute regarding its claims against defendants.  The court considers below (1) the taxpayer defendants' liabilities to the government; (2) whether Teltec, Ledger, Bitterroot, and Associated Dynamics are nominees of or successors to the taxpayer defendants and whether Sunny Isles' mortgages are shams; and (3) whether the United States is entitled to foreclosure of its federal tax liens against the eight real properties at issue.

### A.    Liabilities of the Taxpayer Defendants

The United States asserts that the court should reduce to judgment the Sollenbergers' and Design Concepts Company's outstanding assessed tax liabilities plus interest, additions, and penalties, as summarized above.  See supra Part I.  The taxpayer defendants respond that the government's assessments are "totally unreasonable" because they over-estimate the Sollenbergers' taxable income and do not fully account for payments made by the Sollenbergers.  (Doc. 81-1 at 3-5).

An "assessment" is the IRS's determination that a taxpayer owes a specified amount of unpaid taxes to the federal government.  See United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002); 26 U.S.C. §§ 6201, 6203.  Tax assessments are "entitled to a legal presumption of correctness."  Id.  The presumption extends to assessments of non-fraud civil penalties and interest.  See United States v. Klimek, 952 F. Supp. 1100, 1110 (E.D. Pa. 1997).  Consequently, the United States may establish its *prima facie* case of tax liability "by introducing into evidence certified copies of the certificates of tax assessment."  United States v. Stuler, 396 F. App'x 798, 801 (3d Cir. 2010) (non-precedential); see also Freck v. IRS, 37 F.3d 986, 991 n.8 (3d Cir. 1994).  Once the government presents its *prima facie* case, the burden of proof shifts to the taxpayer to prove that the assessment is incorrect.  See Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992); United States v. Hockensmith, No. 1:CV-09-0309, 2009 WL 1883521, at *1 (M.D. Pa. June 30, 2009).

In the instant matter, the government has established its *prima facie* case, and defendants have failed to rebut the attendant presumption of correctness.  The government has provided the declaration of Beatriz T. Saiz, a trial attorney with the Tax Division of the United States Department of Justice.  (Doc. 59-1).  Attached to her declaration are certified copies of certificates of assessment (Form 4340) for each of the relevant taxpayers and tax years.  (Docs. 59-2 to 59-12).  In further support of defendants' tax liabilities, the government has furnished its Notices of Deficiency as to each defendant.  (Docs. 59-13 to 59-16).  Finally, the government has offered the declaration of Julian W. Davis, a Technical Service Provider with the IRS, which states the balances due for each tax year as of July 1, 2015.  (Doc. 74-1).

The Sollenbergers have not adduced any evidence directly disputing the government's calculations.  Rather, defendants argue that the assessments are unreliable because they do not comport with Gary and Wendell Sollenbergers' taxable incomes for the year 2013.  (Doc. 81-1 at 3).  The Sollenbergers submit that their incomes have remained static and attach Gary and Wendell's 2013 tax returns as comparators, suggesting that the assessed taxable incomes for 1997 to 1999 should have been much lower.  (Doc. 81-1).  The court is unpersuaded.  An unsworn statement unsupported by documentation or factual testimony does not give rise to a material factual dispute.  See Woloszyn v. Cty. of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005).  Moreover, defendants concede that they cannot produce documentary support for their critical premise—that their annual incomes have always been as low as they now are.  (Gary Dep. 49:18-50:4; Wendell Dep. 129:10-23).  Indeed, Wendell Sollenberger's testimony that he likely earns much less income now than in past years because "[t]he economy collapsed" contradicts the Sollenbergers' defense.  (Wendell Dep. 44:15-45:4).  The Sollenbergers' assertion that their incomes have remained static may "properly be disregarded" in light of the conflicting testimony.  See Ray v. Pinnacle Health Hosp., 416 F. App'x 157, 164 n.8 (3d Cir. 2010) (nonprecedential) (citing Jiminez v. All Am. Rathskeller, 503 F.3d 247, 253-54 (3d Cir. 2007)).

With respect to the issue of proper credit for the defendants' payments, the court notes that the certificates of assessment reflect numerous payments made by the Sollenbergers.  (Docs. 59-2 to 59-12).  Funds from the sale of assets listed in the

opposition brief have been credited to their joint and several restitution[3] debt.  (Doc. 81-1 at 4; Gary Dep. 18:3-21:2).

Finally, defendants assert that the Sollenbergers' criminal trial was unfair and that Avery, Gary, and Wendell are innocent despite their convictions.  (Doc. 81-1 at 2, 7).  These points do not bear on defendants' civil tax liabilities or on any argument the government makes in pursuit of summary judgment.  The court finds that the United States has supported its claims of defendants' tax liabilities, and that defendants have failed to bring forth affirmative evidence raising a genuine dispute as to any material fact.  Accordingly, the United States is entitled to judgments against the Sollenbergers and Design Concepts Company with respect to their unpaid federal tax liabilities.

### B.     Property Interests of Defendant Trusts and Associated Dynamics

The government contends that the Sollenbergers' trusts and Associated Dynamics are mere nominees holding title for the taxpayer defendants and therefore have no interest in the eight real properties.  Specifically, the government alleges that Teltec is Avery and Dena Sollenberger's nominee; Ledger is Gary Sollenberger's nominee; Bitterroot is Gary and Wendell Sollenbergers' nominee; and Associated Dynamics is Design Concepts Company's nominee.  Alternatively, the government designates Associated Dynamics as successor to Design Concepts Company.  Finally, the government asserts that the mortgages in favor of Sunny Isles are shams.  The court will address these issues *seriatim*.

---

[3] Avery, Gary, and Wendell Sollenberger also incurred restitution obligations as a result of their 2008 convictions for conspiracy to defraud the United States.  See United States v. Sollenberger, No. 1:07-CR-0205 (M.D. Pa.); (Gary Dep. 12:12-18:10).

### 1.    *Status of Alleged Nominees*

A nominee is a person or entity that "holds bare legal title for the benefit of others."  BLACK'S LAW DICTIONARY (10th ed. 2014); see also United States v. Beeman, No. 1:10-CV-0237, 2011 WL 2601959, at *13 (W.D. Pa. June 30, 2011). Courts use nominee theory, which is "based on equitable principles," to discern whether a delinquent taxpayer is the de facto owner of certain property despite the taxpayer's placement of legal title in a third party.  Beeman, 2011 WL 2601959 at *13 (citing *In re* Richards, 231 B.R. 571, 578 (Bankr. E.D. Pa. 1999)).  The overarching consideration is whether the taxpayer exercises active or substantial control over the property.  United States v. Kudasik, 21 F. Supp. 2d 501, 508 (W.D. Pa. 1998). Courts look to the following factors to assess nominee status:

> (a) No consideration or inadequate consideration paid by the nominee;
>
> (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;
>
> (c) Close relationship between transferor and the nominee;
>
> (d) Failure to record conveyance;
>
> (e) Retention of possession by the transferor; and
>
> (f) Continued enjoyment by the transferor of benefits of the transferred property.

United States v. Klimek, 952 F. Supp. 1100, 1113 (E.D. Pa. 1997); see also Beeman, 2011 WL 2601959 at *13; Kudasik, 21 F. Supp. 2d at 508-09.[4]  An additional factor is "whose funds are used for the purchase of real property."  See Nobel v. Morchesky, 697 F.2d 97, 103 (3d Cir. 1982).  No particular factor is determinative, and courts should therefore not apply these factors "rigidly or mechanically."  In re Richards, 231 B.R. at 579.

The Rule 56 record reveals no genuine disputes of material fact as to the nominee status of Teltec, Ledger, and Bitterroot.  The Sollenbergers, Design Concepts Company, and Associated Dynamics offer no response to these claims beyond the pleadings and their general antipathy to the IRS's collection attempts. (See Doc. 81-1 at 5).  Instead, as detailed below, their testimony and the totality of the record fully support the government's contentions concerning the three trusts. The record does not, however, support the government's claim that Associated Dynamics is the nominee of Design Concepts Company.

### a.     Teltec

Avery and Dena Sollenberger purchased the 309 Primrose Lane property and built their home on it.  (Avery Dep. 14:12-18).  They later transferred title of the Primrose Lane property to Teltec for nominal consideration, a transaction that

---

[4] State law applies to the determination of what rights a taxpayer has in a particular property.  See Drye v. United States, 528 U.S. 49, 58 (1999).  The court notes that, although the Klimek factors do not derive directly from Pennsylvania state law, they are congruent with factors used by Pennsylvania courts to discern whether a property transfer was made to evade debts or other obligations.  See Mid Penn Bank v. Farhat, 74 A.3d 149, 153-54 (Pa. Super. Ct. 1991); cf. United States v. Patras, 544 F. App'x 137, 141 (3d Cir. 2013) (nonprecedential) (finding that Klimek factors "correspond to those New Jersey courts use to determine if a third party is a 'nominee'").

Avery characterized as a paper sale. (Avery Dep. 122:7-25; Doc. 59-17 ¶ 21). Avery and Dena are Teltec's managing directors. (Avery Dep. 78:8-16). Even after their transfer of 309 Primrose Lane to Teltec Enterprises, Avery and Dena continue to live there and pay the corresponding utilities, property taxes, and insurance. (<u>Id.</u> 16:15-17:1, 203:8-205:10). Additionally, Avery and Dena keep books and records for the family's framing business at the Primrose Lane property and store some business equipment in the garage. (Wendell Dep. 24:2-15; Design Concepts Co. Dep. 58:25-59:5). These facts confirm that Teltec is Avery and Dena Sollenbergers' nominee with respect to the 309 Primrose Lane property.

### b.  <u>Ledger</u>

Gary Sollenberger purchased the 15 Villa Vista property and the Sollenbergers built his home on it. (Avery Dep. 13:4-6; Gary Dep. 44:20-45:19). Ledger later acquired 15 Villa Vista by deed but paid no consideration for the property. (Gary Dep. 169:22-170:3). Despite the transfer of title to Ledger, Gary continues to reside at 15 Villa Vista. (<u>Id.</u> 45:17-19). He does not pay rent, maintains the property, and pays the property taxes, homeowner's insurance, and utilities from his personal checking account. (<u>Id.</u> 46:1-47:18). Gary is the managing director of Ledger, and he concedes that the trust's sole purpose was to hold title to the property. (<u>Id.</u> 49:4-13). Therefore, Ledger is Gary Sollenberger's nominee with respect to the 15 Villa Vista property.

### c.  <u>Bitterroot</u>

Gary and Wendell Sollenberger decided to purchase the 786 Richland Drive property using framing business funds and to place the property in Bitterroot's

name.  (Wendell Dep. 74:2-75:1, 75:15-76:2, 76:11-19).  The Sollenbergers have keys to the cabin on the property, use the cabin on some weekends, do not rent it to others, and keep personal belongings there.  (Id. 74:10-17, 113:15-19).  They also pay bills associated with the 786 Richland Drive property, including taxes and homeowner's insurance.  (Id. 112:2-113:14, 120:21-122:14).  Further, the Sollenbergers made improvements to the cabin's roof and porch and received no compensation therefor.  (Gary Dep. 62:16-63:14).

Gary and Wendell Sollenberger also decided to purchase the 1469-71 Broadway property using funds from the framing business.  (Wendell Dep. 76:25-77:19).  The property was deeded to Bitterroot, but the Sollenbergers pay all bills for which the renters are not responsible.  (Doc. 59-38; Wendell Dep. 123:6-127:9).  The Sollenbergers collect the rent payments and deposit them in a bank account managed by Wendell.  (Avery Dep. 113:23-114:14, 190:24-191:12, 193:19-25).  Further, Gary and Wendell made improvements to the property including balcony repair and new appliances.  (Wendell Dep. 77:20-78:14).

Given the Sollenbergers' exercise of control over the 786 Richland Drive and 1469-71 Broadway properties, and Gary and Wendell's particular roles, the court finds Bitterroot to be the nominee of Gary and Wendell Sollenberger with respect to the properties.

### d.   Associated Dynamics

The government's nominee argument regarding Associated Dynamics meets with less success.  Design Concepts Company became largely defunct as a business entity by approximately January of 2000.  (Design Concepts Co. Dep. 48:20-49-1).  By

2002, after a brief interlude during which the Sollenbergers' framing business was known as Contract Building Company, the business began operating as Associated Dynamics. See *supra* Part I. Associated Dynamics acquired the Ram Drive property in 2004. (Doc. 59-51). The gravamen of nominee status is active or substantial control by the equitable owner over the real property titled to the nominee. See Kudasik, 21 F. Supp. 2d at 508. The record is devoid of evidence that Design Concepts Company exercises such control over the Ram Drive property. There is no indication that Design Concepts Company's funds were used to purchase the property. Indeed, none of the Klimek factors appears to be present. The court therefore declines to find that Associated Dynamics is the nominee of Design Concepts Company with respect to the Ram Drive property.

### 2. Status of Associated Dynamics as Alleged Successor to Design Concepts Company

The general rule of successor liability is that when one business entity transfers a substantial amount or all of its assets to another, the latter does not thereby assume the liabilities of the transferor. See Berg Chilling Sys., Inc. v. Hull Corp., 435 F.3d 455, 468 (3d Cir. 2006); Cont'l Ins. Co. v. Schneider, 873 A.2d 1286, 1291 (Pa. 2005). Mere continuation and de facto merger doctrines are two exceptions to the rule. See Tender Touch Rehab. Servs., LLC v. Brighten at Bryn Mawr, 26 F.Supp. 3d 376, 392 (E.D. Pa. 2014) (citing Schneider, 873 A.2d at 1286). Courts use identical factors to determine whether these exceptions apply. See Berg, 435 F.3d at 468-69. In Berg Chilling Systems, Inc. v. Hull Corp., 435 F.3d 455, 468-69 (3d Cir. 2006), the Third Circuit enumerated the factors as follows:

16

(a) "Continuation of the enterprise of the seller corporation, so that there is continuity of management, personnel, physical location, assets, and general business operations";

(b) Continuity of ownership;

(c) Cessation of ordinary business by the transferor business entity;

(d) Assumption by the transferee business of "those obligations . . . ordinarily necessary for the uninterrupted continuation of normal business operations of the [transferee] corporation."

In the instant matter, the record fully supports the government's claim that Associated Dynamics is a successor to Design Concepts Company.  (See Docs. 59-49, 59-50, 74 ¶¶ 41-43).  Design Concepts Company did not continue ordinary business after the framing business became known as Contract Building Company, and then as Associated Dynamics.  (Avery Dep. 72:9-16).  Notwithstanding its frequent transformations, the Sollenbergers' framing business has remained essentially the same.  (Doc. 59-17 ¶ 25).  Avery, Dena, Gary, and Wendell Sollenberger hold management or other leadership roles.  (Wendell Dep. 20:25-21:6, 159:22-161:20).  The books and records are kept at 309 Primrose Lane.  (Id. 21:17-20, 24:2-15).  The nature of the business's obligations did not change.  (Gary Dep. 24:20-25:5).  When needed, the Sollenbergers hire independent contractors, but otherwise still have no employees.  (Wendell Dep. 22:11-19).  Associated Dynamics continues to work with the same residential developer as its predecessors.  (Gary Dep. 24:20-25:5).  The court finds that the facts of record regarding the Sollenbergers' framing business and the relationship between Associated Dynamics and Design Concepts Company satisfies the Berg test for successor liability.  See Hwang Law Firm, LLC v. United

States, No. 07-2973, 2008 WL 2704316, at *9 (E.D. Pa. July 9, 2008) (finding successor liability when limited liability company was materially same as liable taxpayer predecessor).  Accordingly, the court concludes that Associated Dynamics is Design Concepts Company's successor.

### 3. *Legitimacy of Mortgages*

A sham transaction is an "agreement or exchange that has no independent economic benefit or business purpose and is entered into solely to create a tax advantage." BLACK'S LAW DICTIONARY (10th ed. 2014); see also Pitti v. Pocono Bus. Furniture, Inc., 859 A.2d 523, 525 (Pa. Commw. Ct. 2004), appeal denied 871 A.2d 194 (Pa. 2005).  In evaluating the execution of a mortgage deed, a court may examine not only its legal form but also the surrounding circumstances in order to ascertain its legitimacy.  See Pitti, 859 A.2d at 525.

The government has put forth ample evidence to show that the mortgage deeds held by Sunny Isles for seven of the eight properties at issue are sham transactions.  Somewhat surprisingly, Avery Sollenberger generally denied knowledge of any mortgages in favor of Sunny Isles.  (Avery Dep. 94:4-22).  Equally confounding, Gary and Wendell Sollenberger testified that certain mortgages do not encumber several of the seven purportedly burdened properties.  (Gary Dep. 59:11-60:8, 71:11-72:6; Wendell Dep. 38:16-45:9; Design Concepts Co. Dep. 150:21-152:21).  Any lingering doubt as to the nature of these purported mortgages is erased by the testimony of Wayne Rebuck, a former Commonwealth Trust employee.  Rebuck described the liens as "purely false" and a method used to judgment-proof Commonwealth Trust clients' assets.  (Rebuck Dep. 35:17-36:22).

18

The mortgages thus "lack[ ] economic substance." <u>Klimek</u>, 952 F. Supp. at 1114 (finding mortgage granted merely to shield property from creditors to be a sham). The court has little difficulty concluding that Sunny Isles' mortgages are sham encumbrances that have no impact on the real properties at issue.

### C.   Foreclosure of Federal Tax Liens

The government contends that valid and subsisting federal tax liens attach to each of the eight real properties at issue.  The government further argues that it is entitled to foreclosure of these liens so that it may sell the properties and credit the proceeds to the taxpayer defendants' liabilities.  The court agrees.

The government holds a lien against "all property and rights to property, whether real or personal, belonging to" any person who neglects or refuses to pay taxes.  26 U.S.C. § 6321.  The amount includes "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto."  <u>Id.</u>  The lien arises at the time of assessment and continues until the amount is satisfied.  26 U.S.C. § 6322.  Under federal law, the government is authorized to enforce the lien or "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability."  26 U.S.C. § 7403(a).  As set forth below, the court finds no disputes of material fact concerning the government's federal tax lien claims.

### 1.   *Properties Titled to a Liable Taxpayer*

The following properties are titled directly to a liable taxpayer defendant:

- 35 Villa Vista, titled to Wendell Sollenberger (Doc. 59-44)

- 85 North Allwood Drive and 95 North Allwood Drive, titled to Design Concepts Company (Docs. 59-52, 59-54)

As Wendell Sollenberger and Design Concepts Company have not yet satisfied their tax liabilities, the government has valid and subsisting tax liens that attach to their property.  See 26 U.S.C. §§ 6321, 6322.  Further, the mortgages in favor of Sunny Isles are sham encumbrances that do not burden the above properties.  See *supra* Part III.B.3.  The government is therefore entitled to foreclosure of its tax liens against the properties.  See 26 U.S.C. § 7403(a).

### 2.    *Properties Titled to a Nominee or Successor*

The IRS "may properly levy against property of a delinquent taxpayer's nominee."  *In re* Richards, 231 B.R. at 578 (citations omitted).  Additionally, a successor corporation may be held liable for the federal tax liabilities of its predecessors.  See Hwang, 2008 WL 2704316, at *3 (citing Ross Controls, Inc. v. United States Dep't of Treasury IRS, 164 B.R. 721, 726 (E.D. Pa. 1994)).

As the taxpayer defendants in the instant matter have not yet satisfied their liabilities, the government has valid and subsisting tax liens that attach to their properties.  See 26 U.S.C. §§ 6321, 6322.  Teltec, Ledger, Bitterroot, and Associated Dynamics are either nominees of or successors to a liable taxpayer defendant with respect to the following properties:

- 309 Primrose Lane, titled to Teltec (Doc. 59-21), nominee of Avery and Dena Sollenberger

- 15 Villa Vista, titled to Ledger (Doc. 59-26), nominee of Gary Sollenberger

- 786 Richland Drive and 1469-71 Broadway, titled to Bitterroot (Docs. 59-36, 59-38), nominee of Gary and Wendell Sollenberger

- Ram Drive, titled to Associated Dynamics (Doc. 59-51), successor to Design Concepts Company.

See *supra* Part III.B.1-2.  Further, the sham mortgages purportedly executed in favor of Sunny Isles do not encumber any of the properties.  See *supra* Part III.B.3. The government is therefore entitled to foreclosure of its liens against the above properties, pursuant to 26 U.S.C. § 7403(a).

**IV.**   <u>**Conclusion**</u>

The United States' motion (Doc. 59) for summary judgment will be granted. An appropriate order shall issue.

<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       December 15, 2015