IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. 1:12-CV-1488 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **AVERY SOLLENBERGER,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 4th day of February, 2016, upon consideration of the *pro se* response (Doc. 88) filed by defendants Avery, Dena, Gary, and Wendell Sollenberger (collectively, "the Sollenbergers") on January 14, 2016, wherein the Sollenbergers object to the court's December 15, 2015 order and judgment (Doc. 87) granting the United States' motion for summary judgment and, *inter alia*, entering monetary judgment against the Sollenbergers in the amounts of their respective tax liabilities, and the court construing the Sollenbergers' response as a motion for reconsideration of the court's order and judgment (Doc. 87), and upon consideration of the United States' response (Doc. 89) asserting that the Sollenbergers' motion is untimely and that it is meritless for failure to present new evidence in opposition to the assessed liabilities, and the court noting that a motion for reconsideration "must be filed no later than 28 days after the entry of the judgment," see FED. R. CIV. P. 59(e), and that the Sollenbergers' motion (Doc. 88) was thus untimely filed on January 14, 2016, and the court further emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest

errors of law or fact, see Max's Seafood Café *ex rel.* Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); see also Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, No. 1:12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that the Sollenbergers base their motion on arguments identical to or expanding upon those previously raised and rejected by the undersigned, and neither identify nor substantiate a clear error of law in the court's prior decision, and accordingly fail to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED

that the Sollenbergers' response (Doc. 88) is construed as a Rule 59(e) motion for reconsideration of the court's December 15, 2015 order and judgment (Doc. 87) and is DENIED as so construed.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania