# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. 1:12-CV-1488 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| AVERY SOLLENBERGER, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 13th day of July, 2017, upon consideration of the court's order (Doc. 93) of foreclosure and sale dated December 1, 2016, wherein the court foreclosed promissory notes and mortgages and ordered the sale of several real properties owned by the various defendants including, *inter alia*, real property located at 35 Villa Vista Avenue, Hanover, Pennsylvania, (id. ¶ 2(c)), and wherein the court specifically ordered that all persons occupying said real properties "shall vacate them permanently within 30 days of the date of this order," (id. ¶ 3(d)), and further upon consideration of the motion (Doc. 97) of proposed intervenors Robert Fisher and Kimberly Fisher ("the Fishers") to amend and modify the court's order of foreclosure and sale, wherein the Fishers aver that they presently reside at 35 Villa Vista Avenue as tenants under a lease agreement with defendant Wendell Sollenberger which will not expire until September 30, 2017,[1] (id. ¶¶ 2-3); that the United States of America did not advise the court of the Fishers' tenancy interest in the property at 35 Villa Vista Avenue in its motion (Doc. 92) for order of sale, (Doc.

---

[1] We note that the Fishers have not provided the court with a copy of the purported lease agreement. (See generally Doc. 97).

97 ¶¶ 5-6); that the Fishers received correspondence from counsel for the United States demanding that the Fishers vacate said property no later than July 18, 2017, and admonishing that, if the Fishers fail to vacate the premises, the United States Marshal will remove them and take possession of their personal property, (id. ¶ 7); and that the Fishers have made known that they are willing to permit inspection of said real property to prospective purchasers and in fact intend to purchase the property themselves at the forthcoming tax sale, (id. ¶¶ 11-12), and wherein the Fishers request that the court amend the order of foreclosure and sale to allow them to remain on the premises and to stay any required vacation of the premises until 30 days after a contract to sell the property is entered or 30 days after their lease expires, whichever is later, (id. at 4-5), and the court observing that the Internal Revenue Code grants federal courts broad powers to make "such . . . orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws," 26 U.S.C. § 7402(a); that this authority includes the power to evict both owner and tenant occupants of

a foreclosed premises before sale,[2] and that the proposed intervenors identify no contrary authority in support of their request for modification of the court's order, (see Doc. 97), and the court further observing that the order of foreclosure and sale dated December 1, 2016 authorized the United States to require occupants to vacate the subject properties as early as 30 days from the date of said order, (see Doc. 93 ¶ 3(d)); that the United States nonetheless did not ask the Fishers to vacate the property at 35 Villa Vista Avenue until May 23, 2017, (Doc. 103-1 ¶ 5); and that even then, the United States provided the Fishers with nearly two months' notice to vacate the premises, (see id.), and the court thus concluding that the United States' request that the Fishers vacate the property at 35 Villa Vista Avenue no later than July 18, 2017 is entirely consistent with the court's order (Doc. 93) of foreclosure

---

[2] See, e.g., Maspeth Fed. Sav. & Loan Ass'n v. Hirsch, No. 2009-817, 2011 WL 5513374, at *3-4 (E.D.N.Y. Oct. 13, 2011) (denying tenant's request to continue to occupy premises foreclosed under federal tax lien until thirty days following sale thereof) (citing United States v. Christiansen, 414 F. App'x 218, 220 (11th Cir. 2011); United States v. Uptergrove, No. 1:06-CV-1630, 2009 WL 3663948, at *5 (E.D. Cal. Nov. 2, 2009); United States v. McKinnie, No. 07-1024, 2009 WL 1241617, at *2 (W.D. Tenn. Mar. 12, 2009)), adopted by 2011 WL 5513244 (E.D.N.Y. Nov. 10, 2011); see also United States v. Carey, No. 2:05-CV-2176, 2010 WL 4569018, at *1-2 (E.D. Cal. Nov. 3, 2010) (denying motion by purported tenant of foreclosed property to vacate order of foreclosure and sale).

and sale, and is both "necessary" and "appropriate" to facilitate the United States' enforcement of its tax liens, see 26 U.S.C. § 7402(a), it is hereby ORDERED that the Fishers' motion (Doc. 97) to amend and modify the court's order (Doc. 93) of foreclosure and sale is DENIED.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania