# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. 1:12-CV-1488 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **AVERY SOLLENBERGER,** *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 13th day of July, 2017, upon consideration of the motion (Doc. 94) of defendant Avery Sollenberger ("Sollenberger") to vacate the court's December 1, 2016 order (Doc. 93) of foreclosure and sale pursuant to Federal Rule of Civil Procedure 60(b)(3) and (b)(4), in which he contends: *first*, that the court failed to adhere to the United States Constitution's procedural due process requirements, (Doc. 94 at 5-8); *second*, that the government's motion seeking an order of foreclosure was subject to the related doctrines of claim preclusion and issue preclusion and was barred by the statute of limitations, (id. at 8-9); and *third*, that the court's exercise of jurisdiction *sub judice* amounts to a "usurpation of judicial power," (id. at 9-10), and the court observing that Federal Rule of Civil Procedure 60(b) authorizes the court to relieve a party from a final judgment or order for several enumerated reasons, including, *inter alia*, instances of fraud, misrepresentation, or misconduct by an opposing party, see FED. R. CIV. P. 60(b)(3), or when a judgment is void, see FED. R. CIV. P. 60(b)(4), and the court considering Sollenberger's arguments *seriatim*: *first*, with respect to Sollenberger's claim that a

lack of notice of—and an opportunity to respond to—the complaint herein renders the court's order of foreclosure and sale void, (see Doc. 94 at 8), the court noting that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner,'" Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)), and that the defendants were served with the complaint on September 14, 2012, (Docs. 9, 10), and were afforded ample time to oppose both the government's summary judgment motion and its motion for order of sale, and thus concluding that Sollenberger received all process to which he is due; *second*, with respect to Sollenberger's argument that the instant civil action is precluded by a restitution judgment entered against Sollenberger in the criminal matter docketed at United States v. Sollenberger, No. 1:07-CR-205 (M.D. Pa.), pursuant to the doctrines of *res judicata* and collateral estoppel, (see Doc. 94 at 8-9), rendering the court's order for foreclosure and sale void, the court noting only that the criminal prosecution on conspiracy charges and the instant civil proceeding to foreclose tax liens are separate actions concerning separate issues, and that neither action is precluded by the other, and that although the two matters are related, the United States Courts of Appeals to have addressed this specific issue broadly confirm that a criminal sentence which includes monetary restitution does not preclude later civil

proceedings concerning the tax deficiency,[1] and the court finding the *ratio decidendi* of these cases persuasive, and accordingly concluding that Sollenberger's criminal restitution sentence cannot preclude the civil judgment herein, and the court also finding Sollenberger's statute of limitations argument inapposite as the statute he cites contains a limitations period for criminal forfeiture actions and not civil tax actions, (see Doc. 94 at 9 (citing 21 U.S.C. § 853)); and, *third*, with respect to Sollenberger's claim, that the court exceeded its power by exercising jurisdiction *sub judice*, the court observing that Congress has authorized the court's jurisdiction in cases concerning tax liens and judgments, see 26 U.S.C. § 7402(a); 28 U.S.C. § 1340, and accordingly concluding that we maintained jurisdiction throughout this matter, and the court thus determining that Sollenberger offers no viable argument supporting his request for *vacatur* of the court's order of foreclosure and sale, it is hereby ORDERED that Sollenberger's motion (Doc. 94) to vacate the court's judgment is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] See, e.g., Morse v. Comm'r, 419 F.3d 829, 833-34 (8th Cir. 2005) (explaining that "the government does not surrender its right to seek civil fraud penalties by undertaking a criminal tax prosecution," and rejecting a collateral estoppel claim because "[a]n order for criminal restitution is not essential to the judgment of a criminal defendant"); Hickman v. Comm'r, 183 F.3d 535, 537-38 (6th Cir. 1999) (holding that a criminal restitution order for unpaid taxes has no preclusive effect on future civil tax deficiency proceedings.); see also Creel v. Comm'r, 419 F.3d 1135, 1140-42 (11th Cir. 2005) (concluding that criminal restitution will preclude additional civil tax matters only when a plea agreement or restitution judgment expressly incorporates civil penalties as part of a criminal sentence).