## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO. 1:12-CV-1488** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **AVERY SOLLENBERGER**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 13th day of July, 2017, upon consideration of defendants'[1]

motion (Doc. 99) for temporary restraining order and preliminary injunction, and

the court observing that injunctive relief is an extraordinary remedy and should

issue only in limited circumstances, Am. Tel. & Tel. Co. v. Winback & Conserve

Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994); that the same standard governs

requests for preliminary injunctions as well as temporary restraining orders, see

One Three Five, Inc. v. City of Pittsburgh, 951 F. Supp. 2d 788, 807 (W.D. Pa. 2013)

(quoting Trefelner *ex rel.* Trefelner v. Burrell Sch. Dist., 655 F. Supp. 2d 581, 589

(W.D. Pa. 2009)); and that we apply a familiar four-factor test in determining the

propriety of injunctive relief wherein the movant must, as a threshold matter,

establish the two "most critical" factors: likelihood of success on the merits, and

irreparable harm, Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017), the

first of which requires the movant to show that "it can win on the merits," id., a

showing that must be "significantly better than negligible but not necessarily more

---

[1] Defendants erroneously refer to themselves as "plaintiffs" throughout their
motion and briefing. (See Docs. 99, 100).

likely than not," id., and the second of which tasks the movant to establish that it is "more likely than not" to suffer irreparable harm in the absence of the requested relief, id.; and the court further observing that only if these "gateway factors" are satisfied may the court consider the third and fourth factors: the potential for harm to others if relief is granted, and whether the public interest favors injunctive relief, id. at 178-79, after which the court must balance all factors to determine, in its discretion, whether the circumstances favor injunctive relief, id. at 179, and it appearing that defendants seek injunctive relief with respect to Dena Sollenberger's tax liability under the "innocent spouse" provisions of the Internal Revenue Code, (Doc. 100 at 2); see also 26 U.S.C. § 6015(b)(1), but that the applicable provisions establish a two-year statute of limitations period to petition for innocent spouse relief, id. § 6015(b)(1)(E); 26 C.F.R. § 1.6015-5(b)(1), and that the United States served a complaint asserting tax deficiencies naming Dena Sollenberger as a defendant on July 31, 2012, (Doc. 1), and that service of this complaint constitutes "collection activity" for purposes of triggering the applicable statute of limitations, 26 C.F.R. § 1.6015-5(b)(2)(i), and the court thus concluding that defendants' instant request for innocent spouse relief is time-barred by nearly three years, it is hereby ORDERED that defendants' motion (Doc. 99) for a temporary restraining order and preliminary injunction is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania