# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. 1:12-CV-1488 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **AVERY SOLLENBERGER**, *et al.*, | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 9th day of August, 2017, upon consideration of the letter (Doc. 113) filed *pro se* by defendant Avery Sollenberger ("Sollenberger") on July 27, 2017, requesting that the court mark all debts owed by defendants to the United States government satisfied; remove all tax liens on defendants' properties; allow defendants to retain ownership of said properties; and stop monthly payments to the Clerk of Court, (id.), and the court construing Sollenberger's correspondence as a motion for reconsideration of our July 13, 2017 orders (Docs. 105, 106) denying Sollenberger's motion (Doc. 94) to vacate the order of foreclosure and sale entered *sub judice* as well as defendants' joint motion (Doc. 99) for preliminary injunction and temporary restraining order, and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir.

1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters previously resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (citation omitted), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Sollenberger bases his instant request on arguments identical to or expanding upon those raised before—and rejected by—the undersigned throughout the course of this litigation, and neither identifies nor substantiates a clear error of law in the court's decisions, and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that Sollenberger's letter (Doc. 113) is CONSTRUED as a motion for reconsideration and is DENIED as so construed.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania